

# United States Department of the Interior

OFFICE OF THE SOLICITOR

WASHINGTON, D.C. 20240



IN REPLY REFER TO:
DOI-2025-000902

October 31, 2024

Via email: shelbybsmith@nssf.org

Shelby Smith
National Shooting Sports Foundation
400 N. Capitol St NW, Suite 475
Washington, DC 20001

Dear Mr. Smith:

On October 22, 2024, the U.S. Department of the Interior, Office of the Solicitor received your Freedom of Information Act (FOIA) requests. In your request you specifically ask for:

"1) Any and all memoranda and email communications from October 1, 2023, up to and including October 1, 2024, by, to, from, between, and received by Robert Anderson and/or Joel West Williams that include the words "Bears Ears" and "recreational shooting."

2) Any and all memoranda and email communications from October 1, 2023, up to and including October 1, 2024, by, to, from, between, and received by Robert Anderson and/or Joel West Williams that include the words "Bears Ears" and "shooting."

3) Any and all memoranda and email communications from October 1, 2023, up to and including October 1, 2024, by, to, from, between, and received by Robert Anderson and/or Joel West Williams that include the words "Bears Ears" and "Dingell" or "Dingell Act." (Date Range for Record Search: From 10/01/2023 To 10/01/2024)"

Your request has been assigned the FOIA Tracking Number as indicated above. Please cite this number in future communications with the Office of the Solicitor concerning your request. We have classified you as an "other-use" requester. As such, we may charge you for some of our duplication costs, but we will not charge you for our search or review costs. You also are entitled to up to 100 pages of photocopies (or an equivalent volume) for free. *See* 43 C.F.R. § 2.39. If, after taking into consideration your fee category entitlements, our processing costs are less than $50.00, we will not bill you because the cost of collection would be greater than the fee collected. *See* 43 C.F.R.§2.49(a)(1).

You have asked for expedited processing of your FOIA request. The Department's FOIA regulations state that a bureau will provide expedited processing if a requester demonstrates a compelling need for the records by explaining in detail how the request meets one or both of the criteria below and certifying the explanation is true and correct to the best of the requester's knowledge and belief. In accordance with 43 C.F.R § 2.20, the two criteria are as follows:

(1) Failure to expedite the request could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; or

(2) There is an urgency to inform the public about an actual or alleged government activity and the request is made by a person primarily engaged in disseminating information. (The requested information must be the type of information which has particular value that will be lost if not disseminated quickly; this ordinarily refers to a breaking news story of general public interest. Information of historical interest only or information sought for litigation or commercial activities would not qualify, nor would a news media deadline unrelated to breaking news.)

Employing the standards under 43 C.F.R § 2.20, we find that your justification for expedited processing does not contain enough evidence to support either of these criteria. Your justification does not address "in detail how all elements and subcomponents of your request meets each element of one or both of the criteria in" of 43 C.F.R. § 2.20(a). *See* 43 C.F.R. § 2.20(b)(1).

First, your justification does not explain how the failure to expedite this request "could reasonably be expected to pose an imminent threat to the life or physical safety of an individual." We take this to mean you do not perceive there to be "an imminent threat to the life or safety on an individual" in the instant case and are instead basing your request for expedited processing on there being "an urgency to inform the public about an actual or alleged government activity and the request is made by a person primarily engaged in disseminating information."

Next, your justification for expedited processing fails to provide any details on the urgency to receive the information of a government activity to inform the public. To evaluate whether a requester has established urgency, courts consider three factors: (1) whether the request concerns a matter of current exigency to the American public; (2) whether the consequences of delaying a response would compromise a significant recognized interest; and (3) whether the request concerns federal government activity. Here, we do not dispute that your FOIA request concerns actual or alleged federal government activity; we do, however, believe that you have failed to establish urgency with respect to the first two considerations.

The assertions in your request do not establish that your request concerns a matter of current exigency to the American public and that the consequences of delaying a response would compromise a significant recognized interest. *See, e.g.*, *Al-Fayed*, 254 F.3d at 310 (finding that "newsworthiness alone" does not make a matter one of "current exigency" and that the "public's right to know" is insufficient by itself to satisfy the statutory standard). Indeed, based on the information before us, it is unclear precisely what "significant recognized interest" would be

compromised by releasing the documents in accordance with a typical processing timeline, as opposed to on an expedited basis. Accordingly, we find that you have not established that waiting for production of the responsive records would compromise a significant recognized interest that justifies placing your request ahead of others. *See* 43 C.F.R § 2.20. Your request for expedited processing therefore has been denied.

You have asked us to waive the fees for processing your requests. Our FOIA regulations state that bureaus will waive, or partially waive, fees if disclosure of all or part of the information is:

(1) In the public interest because it is likely to contribute significantly to public understanding of government operations or activities, and

(2) Not primarily in your commercial interest.

*See* 43 C.F.R. § 2.45(a). Our FOIA regulations also provide four specific criteria that are used to determine whether these two requirements are met. *See* 43 C.F.R. § 2.48(a). Based on the above criteria, we have determined that you adequately addressed the statutory requirements for a waiver of fees in your request. Therefore, your fee waiver request has been granted.

We use Multitrack Processing to process FOIA requests. The Simple track is for requests that would generally take one to five workdays to process. The Normal track is for requests that would generally take six to twenty workdays to process. The Complex track is for requests that would generally take twenty-one to sixty workdays to process. The Extraordinary track is for requests that would generally take more than sixty workdays to process. The Expedited track is for requests that have been granted expedited processing, which are processed as soon as practicable. Within each track, requests are usually processed on a first-in, first-out basis.

Your request falls into the "Normal" processing track. There are 4 requests pending ahead of yours in this processing track.

You may narrow the scope of your requests to obtain quicker processing in your currently assigned track or move the requests into a different track (which may have the effect of reducing the cost of processing your request and having it processed more quickly). If you have any questions about this, please contact us.

Sincerely,

Lance Purvis
Office of the Solicitor, FOIA Officer